UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJ K. PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-cv-00758-RLY-MJD |
| | ) |
| DONALD J. TRUMP, | ) |
| MICHAEL R. PENCE, | ) |
| UNIVERSITY OF NOTRE DAME LAW | ) |
| SCHOOL, | ) |
| EMORY UNIVERSITY, | ) |
| BROWNSBURG COMMUNITY SCHOOL | ) |
| CORP., | ) |
| CLAIRE STERK PhD, | ) |
| VERONICA ROOT MARTINEZ JD, | ) |
| F.B.I., | ) |
| BARBARA J. FICK JD, | ) |
| PATIRICIA O'HARA JD, | ) |
| KRISTIN PRUITT JD, | ) |
| LLOYD H. MAYER JD, | ) |
| AJAY NAIR PhD, | ) |
| UNITED STATES OF AMERICA, | ) |
| BROWNSBURG POLICE DEPARTMENT, | ) |
| STATE OF INDIANA, | ) |
| ERIC HOLCOMB Governor, | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT, | ) |
| KSHITIJ MISTRY, | ) |
| KARTIK PATEL, | ) |
| MANISHA PATEL, | ) |
| NEEL PATEL, | ) |
| KUSUM PATEL, | ) |
| RAMESH PATEL, | ) |
| PIKUL PATEL, | ) |
| SHIVEN PATEL, | ) |
| MICK MULVANEY Chief of Staff, National | ) |
| Security Council, and | ) |
| NANCY PELOSI Speaker, | ) |
| | ) |

1

                    Defendants.              )

## ORDER GRANTING IFP AND DISMISSING COMPLAINT

### *IFP Status*

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** (Filing No. 2). While *in forma pauperis* status allows the plaintiff to proceed without pre-payment of the filing fee, the plaintiff remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) (citing *Robbins v. Switzer*, 104 F.3d 895, 897 – 98 (7th Cir. 1997)). No payment is due at this time.

### *Order Dismissing Complaint*

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff has sued a number of defendants alleging he is reducing in size, constantly hears a ringing sound, has static in his bed, and is being assaulted by white rings. He has been to doctors who say he is fine but believes he might be part of a research project from a rival school. He calls it "assault through tech-psychology (including blue light) or a bio hack."

Giving Plaintiff's pro se complaint a liberal construction, the court can discern no plausible claim for relief. In short, his case is frivolous. Accordingly, the court **DISMISSES** Plaintiff's complaint. Dismissal of this case is without prejudice. Judgment consistent with this Entry shall follow.

**SO ORDERED** this 14th day of April 2020.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Raj K. Patel
501 North Capitol Avenue
Apt. 4126A
Indianapolis, IN  46204